Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000701
27-JUN-2018
12:08 PM

NO. CAAP-15-0000701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHARLES GOEBEL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 15-1-1288)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Charles Goebel appeals from the Judgment of Conviction and Sentence; Notice of Entry ("Judgment") entered by the Family Court of the First Circuit ("Family Court")[1] on August 31, 2015.[2] Goebel was convicted by a jury on the criminal offense of Violation of an Order for Protection,[3]

---

[1] The Honorable Jeffrey P. Crabtree presided.

[2] On June 22, 2018, an Amended Judgment of Conviction and Sentence; Notice of Entry ("Amended Judgment") was entered by the Honorable Matthew J. Viola on temporary remand to the family court because the August 31, 2015 Judgment did not sufficiently comply with the requirements for judgments under Rule 32(c)(1) of the Hawai'i Rules of Penal Procedure. Hereafter, we deem the appeal to be from the June 22, 2018 Amended Judgment.

[3] The July 18, 2012 Amended Order for Protection provided, in part:

    B.    CONTACT BETWEEN THE PARTIES

    1.    [Goebel] is prohibited from contacting [his mother].

    2.    [Goebel] is prohibited from telephoning, writing, electronically communicating . . . or communicating through third parties with [his mother] and any children who reside with [his mother] or any children of the parties, unless allowed by this order.

in violation of Hawaii Revised Statutes section 586-11(a)(1)(A), and was sentenced to 181 days in jail. On appeal, Goebel argues that the Family Court erred in: (1) denying his motion for mistrial and failing to rule on his request to exclude any reference to his incarceration; (2) its conduct of the colloquy required under *Tachibana v. State*, 79 Hawai‘i 226, 900 P.2d 1293 (1995) and its progeny; and (3) instructing the jury that "[w]hen a court order prohibits communications with a protected person by using third parties, the prosecution is not required to prove that the third party actually transmitted or that the protected person actually received the communication."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we address Goebel's points of error as follows, vacate the Judgment, and remand to the Family Court for a new trial.

We begin by addressing Goebel's second point of error with regard to whether he "knowingly, intelligently, and voluntarily" relinquished his right to testify under *Tachibana*. Prior to the presentation of evidence (the "pre-trial advisement"), the Family Court addressed Goebel as follows:

> THE COURT: Okay. Good morning. All right. Let's do our *Tachibana* colloquy. Mr. Goebel.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You do not -- I'm about to talk with you about your right to either testify or not testify in this trial.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You do not have to make a decision now. This is more in the way of a heads up and advance warning. You'll get till later in the trial before you have to make an actual decision. Okay? But you -- you have a constitutional right to testify in your own defense in this case.
>
> You should of course consult with Ms. Domingo about whether or not you should testify.
>
> But it's important to understand that it's ultimately your choice. Your choice. Not her choice. Your choice. And no one can prevent you from testifying if you decide you want to. Your attorney can't stop you, I can't stop you. I just want to be clear about that. Okay?
>
> If you do decide to testify, okay, there's no special protections for you. You get cross-examined by the State's attorney just as vigorously as any other witness. Okay? Do

you understand what I said so far?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Thank you. All right. Next you also have a constitutional right not to testify and to remain silent. Just as no one can force you to testify in this case, no one can force you not to testify in this case. Again, it's entirely your choice, which again you should certainly consult with your counsel about. She's an experienced attorney. She knows what she's doing. You should listen to her. But again, ultimately this is your choice. Okay?

All right. Now, if you choose not to testify, I will give the jurors a strong instruction that they cannot hold that against you in any way, shape, or form. You have a constitutional right to remain silent. You should in no way be penalized for it. And I will make sure the jury understands that.

All right. Do you have any questions about that?

THE DEFENDANT: No, sir.

THE COURT: All right. All right. So again, you don't have to decide now. We'll revisit this issue later. All right.

All right. Let's go do our immigration warning next.

Goebel does not contest the adequacy of the pre-trial advisement.

Once the State rested its case, the Family Court conducted the "ultimate colloquy" required under *Tachibana*:

THE COURT: Okay. Let me just explain it to him again though so it's fresh. Mr. Goebel, I'm not asking you for a decision right now. I will let you talk to [your attorney] first. But I just wanted to go back over this.

You do have a constitutional right to testify in this case if you want to. It is ultimately your choice and no one can stop you. But you of course should consult with your attorney about that.

If you do decide to testify, [the] prosecutor can cross-examine you the same way any other witness is cross-examined. You don't get any special protection.

You also have a constitutional right not to testify and to remain silent. If you decide to remain silent, that is fine and I will instruct the jurors that they cannot hold that against you in any way, shape, or form.

All right. Do you have any questions about any of that?

THE DEFENDANT: No, Sir.

THE COURT: All right. Then please consult with [your attorney] and then we'll visit this one last time after you two talk.

* * *

THE COURT: All right. So let the record reflect [that defense counsel] and Mr. Goebel had a chance to talk and now they are back here in court. The jury is not present.

State's attorney is here.

And has a decision been reached?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Okay. And Mr. Goebel, what is your decision?

THE DEFENDANT: I choose not to testify, Your Honor.

THE COURT: All right. And -- and as promised, I will give the jurors an instruction that they're not to hold that against you, okay? So you don't have to worry about that. I assume they will follow my instruction.

All right. Anything else?

[DEFENSE COUNSEL]: No, Your Honor. At this time[, the] defense rests.

Goebel contends that he did not voluntarily and knowingly waive his right to testify because the Family Court failed to conduct a proper *Tachibana* colloquy. Specifically, Goebel argues that the Family Court failed to engage him in the "true colloquy" as required in *State v. Han*, 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013) or a "true exchange" as required in *State v. Pomroy*, 132 Hawai'i 85, 93, 319 P.3d 1093, 1101 (2014).

We agree that the Family Court "did not engage in a sufficient verbal exchange with [Goebel] to ascertain whether [his] waiver of the right to testify was based on [his] understanding of the principles related by the [Family C]ourt." *State v. Celestine*, 142 Hawai'i 165, 172, 415 P.3d 907, 914 (2018) (citing *Han*, 130 Hawai'i at 91-93, 306 P.3d at 136-38); *contra Celestine*, 142 Hawai'i at 175, 415 P.3d at 917 (Recktenwald, C.J., dissenting) ("Respectfully, such formalism is not the best method to protect a defendant's right to testify. . . . Reducing our review of waivers of the right to testify to a checklist detaches the *Tachibana* colloquy from the vital constitutional concerns that led to its creation.")[4]

The majority and the dissent in *Celestine* disagreed concerning the proper application of *Han*. The dissent distinguished *Han* on the basis that (1) the *Lewis* pre-trial advisement, which included the court asking "[o]kay, you understand?" and "[a]ny questions?" mitigated any harm and (2)

---

[4] The Honorable Paula A. Nakayama joined in the dissent.

4

the absence of any need for a translator or any similar salient fact. *Celestine*, 142 Hawai'i at 176, 415 P.3d at 918. The dissent contended that "[t]he salient fact was an integral part of the totality of the circumstances upon which we concluded that the defendant in *Han* had not made a knowing, intelligent, and voluntary waiver of the right to testify." *Id.* at 174, 415 P.3d at 916. The majority disagreed and explained that *Han* supported the conclusion of an insufficient verbal exchange. *Id.* at 171 n.14, 415 P.3d at 913 n.14. With regard to Han's need for an interpreter, the *Celestine* majority concluded that "the presence of a salient fact—the defendant's need for an interpreter—only made the court's error in failing to ensure Han's understanding 'more egregious.'" *Id.* (emphasis omitted) (citing *Han*, 130 Hawai'i at 92, 306 P.3d at 137). "The salient fact therefore only exacerbated the trial court's failure." *Id.* (citing *Han*, 130 Hawai' at 92, 306 P.3d at 137). Furthermore, the majority disregarded any effect that the pre-trial advisement might have had. It is the majority's view, of course, which we must apply.

Although the Family Court asked Goebel if he had "any questions" at the close of the *Tachibana* colloquy, the court did not ask Goebel if he understood the rights that the court had described to him. Addressing a similar factual context, the *Celestine* court explained the inadequacy of that approach:

> Thus, as in *Han* and *Pomroy*, the district court in this case simply advised Celestine of her rights without any discussion or exchange to "ascertain[] the defendant's understanding of the proceedings and of the defendant's rights." *Han*, 130 Hawai'i at 90, 306 P.3d at 135 (emphasis omitted); *accord Pomroy*, 132 Hawai'i at 94, 319 P.3d at 1102.

*Id.* at 171, 415 P.3d at 913 (footnote omitted).

Thus, the record does not demonstrate that Goebel's waiver of the right to testify was knowingly, intelligently, and voluntarily made. *See Han*, 130 Hawai'i at 91-93, 306 P.3d at 136-38. Furthermore, we cannot conclude from the record that the Family Court's error was harmless because it is not knowable whether Goebel's testimony, had he given it, could have established reasonable doubt that he knowingly or intentionally violated the Order for Protection. Thus, Goebel's conviction must be vacated.

5

In light of that conclusion, we need not address Goebel's remaining points of error.

Based on the foregoing, the June 22, 2018 Amended Judgment entered in the Family Court of the First Circuit is vacated, and the case is remanded for further proceedings.

DATED:  Honolulu, Hawai'i, June 27, 2018.


On the briefs:

Merlinda F.R. Garma,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6